**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DANNY BORGOS, #65484-054,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:16-CV-2897-N-BK** |
| | § | **(CRIMINAL NO. 3:14-CR-486-N-1)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States Magistrate Judge for judicial screening. Petitioner, a federal prisoner, initiated this case by filing a *pro se* motion to vacate sentence under 28 U.S.C. § 2255. Upon review of the relevant pleadings and law, and for the reasons that follow, it is recommended that the section 2255 motion be summarily **DISMISSED WITH PREJUDICE**.[1]

## I. BACKGROUND

On June 30, 2015, Petitioner pled guilty to possessing obscene visual representations of the sexual abuse of children, and on October 5, 2015, he was sentenced to 120 months' imprisonment and a three-year term of supervised release, to be served concurrently with his prior sentence imposed by the United States District Court for the Southern District of New York. Crim. Doc. 27; Crim. Doc. 41. Petitioner did not pursue a direct appeal. In the three grounds alleged in this timely section 2255 motion, Petitioner asserts that the visual

---

[1] *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

representations should be "considered art, not obscene," that he possessed the images "out of necessity to protect [his] safety," and that FCI Seagoville (where he was confined) "prevented [him] from presenting *Brady* material" which would have supported a claim of innocence. Doc. 2 at 4-7.[2] In the amended section 2255 motion, Petitioner reiterates the above claims, challenges the length of his sentence, and alleges ineffective assistance of counsel. Doc. 4 at 8-9.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231‑32 (5th Cir. 1991) (*en banc*)). Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001); *see* 28 U.S.C. § 2255 (requiring a showing that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) the sentence "was in excess of the maximum authorized by law"; or (4) the sentence is otherwise "subject to collateral attack.").

---

[2] Petitioner also raises an Eighth Amendment violation, which stems from the denial of proper medical and psychological care and his confinement with "hardcore sex offenders" who can harm him. Doc. 2 at 8. However, conditions of confinement claims are not cognizable in a collateral attack. Thus, on October 19, 2016, the Court ordered that Petitioner's Eighth Amendment claim be severed from this case. Doc. 3; *see Nubine v. Thaler*, 2010 WL 3681033, at *1-2 (5th Cir. 2010) (unpublished *per* curiam) (noting that court should separate civil rights claims raised in a habeas case) (citing *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998)).

**A. Factual Support for Guilty Plea (Claims 1 & 2)**

Petitioner asserts the materials he was found guilty of possessing are "considered art, not obscene." Doc. 2 at 4. He contends

> [t]here are pieces in museums that are considered art, but can be classified as obscene, i.e. The Ecstasy of St. Teresa, which depicts a female who appears to be in the throes of sexual intercourse. The Sistine Chapel is another example which depicts child-like angels nude in the painting. This piece is currently in display in the Vatican. According to law, this is considered obscene.

Doc. 2 at 4. Petitioner also maintains that he possessed the material "out of necessity to protect [his] safety and wellbeing." Doc. 2 at 5. He states that he "had been raped a number of times prior to the date of offense by the individual whom [sic] owned and handled it." *Id.* Petitioner also avers that he has a witness who has "important information regarding [his] case." *Id.*

"[A] petitioner can successfully petition for § 2255 relief after a guilty plea only if: (1) the plea was not entered voluntarily or intelligently, or (2) the petitioner establishes that [he] is actually innocent of the underlying crime." *United States v. Thompson*, 158 F.3d 223, 225 (5th Cir. 1998) (citing *Bousley v. United States*, 523 U.S. 614, 622-624 (1998)) (internal citations omitted). Plaintiff has failed to establish either here.

As an initial matter, Petitioner does not contest the stipulated facts offered as a factual basis for his guilty plea. As noted in the Presentence Report (PSR), which was accepted without change at sentencing, Petitioner pled guilty pursuant to a written Plea Agreement, in which he stipulated to the accuracy of the Factual Resume and acknowledged that his plea of guilty was freely and voluntarily made. Crim. Doc. 35-1 at 3 (PSR ¶ 3); Crim. Doc. 42 at 1 (Statement of Reasons).

**(1) There was sufficient factual basis to support Petitioner's guilty plea**

In the Factual Resume, Petitioner admitted that he knowingly possessed visual depictions of minors engaging in sexually explicit conduct, as that term is defined in 18 U.S.C. § 2256(2)(A), and that the images were obscene. Crim. Doc. 28 at 2. As recited in the Factual Resume:

> 3. Borgos gave BOP a written statement about these visual depictions. Specifically, Borgos confessed that these visual depictions belonged to him and described them as a "bunch of drawings of children having sexual intercourse and an adult male sexually assaulting three little girls." Borgos also admitted that he received the drawings from another inmate, who offered to make him more.
>
> 4. Borgos stipulates that he knowingly possessed the above-described visual depictions, that they are accurately described in the indictment, that they consist of drawings of minors engaging in explicit conduct as defined in 18 U.S.C. § 2256(2)(A), and that he knew, at the time he possessed them, the sexually oriented nature of these visual depictions. Borgos stipulates that these visual depictions are obscene.

Crim. Doc. 28 at 4-5.

The Rule 11 factual basis for a guilty plea "must be precise enough and sufficiently specific to show that the accused's conduct on the occasion involved was within the ambit of that defined as criminal." *United States v. Johnson*, 546 F.2d 1225, 1226 (5th Cir. 1977). Petitioner's suggestions that art in museums and the Sistine Chapel would be considered obscene are of no moment. The only relevant issue here is whether the graphic depictions of child rape and incest in the materials Petitioner possessed were obscene and, as he admitted, they were.

**(2) Petitioner waived all defenses by pleading guilty**

As best as the Court can decipher, Petitioner's conclusory claim that he possessed the depictions out of necessity due to repeatedly being raped by the owner of the depictions, is merely a belated assertion of the affirmative defense of duress. However, by pleading guilty,

Petitioner waived "all nonjurisdictional defenses," including an affirmative defense of duress or necessity. *United States v. Sarmiento*, 786 F.2d 665, 668 (5th Cir. 1986) (finding that "[e]ntrapment, a defense on the merits, was waived by the [defendant's] guilty plea") (citing *United States v. Yater*, 756 F.2d 1058, 1063 (5th Cir. 1985) (same).

As recounted in the stipulated facts in Petitioner's Factual Resume, the illicit depictions were discovered during a prison guard's search of Petitioner's cell. When the guard approached the cell, Petitioner and another inmate were merely sitting at a table in front of the cell and, thus, not "under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury." *United States v. Dixon*, 413 F.3d 520, 523 (5th Cir. 2005). Moreover, Petitioner's stipulations that the depictions were his and that he received them from another inmate who offered them to Petitioner in exchange for $50 in commissary funds and "who offered to make him more," Crim. Doc. 28 at 4 & Crim. Doc. 35-1 at 4, are clearly more credible than his self-serving assertions to the contrary made here. This is especially true in light of the fact that at the time of the instant offense, Petitioner was already serving sentences for the receipt and possession of child pornography. Crim. Doc. 35-1 at 9 (PSR ¶ 32). Defendant's representation under oath at the time of his guilty plea that he had not been threatened or coerced into entering a guilty plea also contradicts his belated claim of duress or necessity.

Consequently, Petitioner's assertions in his section 2255 motion that the visual depictions are not obscene and that he possessed them "out of necessity" are plainly belied by the record. As his guilty plea was sufficiently supported by a factual basis, his first and second grounds for relief fail.

**B. *Brady* Violation (Claim 3)**

Although Petitioner cites *Brady v. Maryland,* 373 U.S 83 (1963), he does not assert that the government withheld any evidence favorable to the defense. *See Id.* at 87 (to establish a *Brady* violation, a petitioner must prove (1) the prosecutor suppressed or withheld evidence (2) that was favorable and (3) material to his guilt or punishment). However, Petitioner only vaguely alleges that FCI Seagoville, where he was incarcerated during the events that led to his indictment, "prevented [his] claim of innocence from reaching the prosecution in time to prevent conviction." Doc. 2 at 7. He maintains that the penal institution, FCI Seagoville, "prevented [him] from presenting *Brady* material pertaining to [his] case, by not passing [his] claim of innocence on to the prosecution." Doc. 2 at 7. Petitioner's conclusory assertions of interference by the prison, even if true, fail to allege the suppression of favorable and material evidence by the prosecutor under *Brady*. Accordingly, the third claim is without merit.

**C. Excessive Sentence (Claim 4)**

In his amended section 2255 motion, Petitioner challenges the "method of punishment and length of the sentence" as "excessive and unnecessary." Doc. 4 at 8. He claims other "options are and were available to the courts" since he suffers from "PTSD and depression related to childhood sexual abuse." *Id.* His assertions are again conclusory and fail to state a cognizable claim for relief. *See* 28 U.S.C. § 2255 (requiring a showing that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) the sentence "was in excess of the maximum authorized by law"; or (4) the sentence is otherwise "subject to collateral attack.").

Moreover, to the extent Petitioner challenges the application of the United States Sentencing Guidelines in his case, his claim also is not cognizable on section 2255 review. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (misapplication of sentencing guidelines does not give rise to a constitutional issue cognizable under section 2255). Petitioner's claim is also barred by the appellate waiver. Crim. Doc. 22 at 5, ¶11; *see United States v. White*, 307 F.3d 336, 339-340 (5th Cir. 2002).

**D. Ineffective Assistance of Counsel (Claim 5)**

In the amended section 2255 motion, Petitioner also purports to raise claims of ineffective assistance. Doc. 4 at 9. He includes the following list:

1) Failure to fully investigate background, mental, emotional, and intellectual levels and the association degree of functional deficiencies.

2) failure to develop evidence as to a) environment, b) mental health, c) education history, d) lack of father figure, e) mother's youth at birth, f) upbringing and g) history of sexual abuse as a child and inmate . . . .

3) Failure to develop witness statements.

4) Failure to file motion for acquittal.

5) Failure to request a psychological evaluation.

6) Failure to produce evidence for innocence.

7) Failure to provide evidence of psychotic disorder.

8) Failure to provide/develop evidence of a written statement given to BOP concerning a confession.

9) Failure to file a withdraw [sic] knowing fears of additional time.

10) Never believed we could win, right from the start.

Doc. 4 at 9. Petitioner's claims are devoid of factual enhancement, however, and his vague assertions that counsel rendered ineffective assistance are clearly insufficient to plead a Sixth Amendment claim. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (declining to consider vague ineffective assistance of counsel claim). Without a specific allegation explaining what counsel did or failed to do, Petitioner fails to raise an issue of constitutional import. Indeed, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id*. at 23 (quotations and quoted case omitted); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of probative evidentiary value.").

That notwithstanding, to allege a claim of failure to adequately investigate, Petitioner must demonstrate with specificity what the investigation would have revealed and how it would have altered his plea. *See United States v. Curtis*, 769 F.3d 271, 276, 277-278 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 691 (2014) (cited cases omitted) ("To establish [a] failure to investigate claim, [a defendant] must allege with specificity what the investigation would have revealed *and how it would have benefitted him*.") (quoted case omitted, emphasis in original). Regarding counsel's alleged failure to develop evidence, Petitioner merely claims counsel should have obtained witness statements and requested a psychological evaluation. Doc. 4 at 9. Likewise, Petitioner fails to identify what evidence and witness statements counsel should have presented, and how they would have altered the outcome of his case – namely that he would not have pleaded guilty and would have insisted upon going to trial. *Hill*, 474 U.S. 52, 59 (1985). Consequently, Petitioner's ineffective assistance of counsel claims lack merit.

**E. Voluntariness of Plea (Claim 6)**

Lastly, Petitioner challenges the "voluntariness of his plea and waiver." Doc. 4 at 9. He asserts as "supporting facts":

1) Told by SIS Lt. that I had to plea [sic] guilty because that was the only way to go back to the yard.

2) Told by SIS that if I didn't sign the plea that I would stay in the SHU until I did.

3) Told by lawyer that my minimum sentence will be from 15-60 years.

4) Fear of FCI Seagoville staffers.

5) Fear of assailant's threats of rape if I didn't plea to what I did.

*Id.*

However, Petitioner's contentions are clearly inadequate to plead a sufficient claim challenging the voluntariness of the plea. *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000) (A guilty plea must be knowingly, voluntarily, and intelligently made to be constitutionally valid). Petitioner complains mainly of extraneous events, rather than those related to his guilty plea or the Rule 11 proceedings. *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007) (in determining the voluntariness of a plea, the court considers all relevant circumstances, including whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel). Petitioner does not dispute that he was competent and capable of entering an informed guilty plea, that his plea was knowing and voluntary and supported by an independent factual basis, and that he understood fully that he was waiving his right to appeal and seek collateral relief under section 2255. Moreover, as with his other allegations, Petitioner fails to show how his lawyer's advice regarding the range of punishment rendered his plea involuntary. Petitioner

initialed the range of imprisonment in his Factual Resume, Crim. Doc. 22 at 2, and was admonished regarding the same at his Rule 11 hearing. Accordingly, Petitioner's claims challenging the voluntariness of his guilty plea fail.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE**. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**SIGNED** February 23, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE